UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 11, 2016

LETTER TO COUNSEL

RE: *Carolyn Sterrette v. Commissioner, Social Security Administration*;
Civil No. SAG-15-1850

Dear Counsel:

On June 24, 2015, Plaintiff Carolyn Sterrette petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and the supplements filed by each party. (ECF Nos. 14, 15, 17, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the decision of the Commissioner in part, and remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 205(g). This letter explains my rationale.

Ms. Sterrette protectively filed her claim for benefits on December 19, 2011, alleging a disability onset date of October 1, 2008. (Tr. 19, 160-65). Her claims were denied initially and on reconsideration. (Tr. 99-102, 106-07). An Administrative Law Judge ("ALJ") held a hearing on February 6, 2014. (Tr. 34-60). Following the hearing, the ALJ determined that Ms. Sterrette was not disabled. (Tr. 16-33). The Appeals Council denied Ms. Sterrette's request for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Sterrette suffered from the severe impairments of "strains and sprains-all types" and stomach tumors. (Tr. 21). However, the ALJ determined that despite those impairments, Ms. Sterrette retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 416.967(c) except she can climb ramps or stairs frequently; can occasionally climb ladders, ropes or scaffolds; can frequently balance or stoop; can occasionally kneel, crouch or crawl. She must avoid concentrated exposure to extreme cold, vibration and hazards such as machinery and heights.

*Carolyn Sterrette v. Commissioner, Social Security Administration*
Civil No. SAG-15-1850
March 11, 2016
Page 2

(Tr. 23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Sterrette could perform past relevant work as a nursing home/elder care worker in addition to several jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 28-29).

Ms. Sterrette raised several arguments on appeal, all pertaining to the ALJ's evaluation of her intellectual disability. Additionally, I requested supplemental briefing on the issue of whether the ALJ complied with *Fox v. Colvin,* No. 14-2237, 2015 WL 9204287 (4th Cir. Dec. 17, 2015).[1] For the reasons set forth below, I conclude that *Fox* does not mandate remand in this case. However, I concur with Ms. Sterrette that the ALJ failed, at a minimum, to identify her intellectual functioning as a severe impairment at step two, and to properly analyze that intellectual impairment throughout the opinion. Accordingly, remand is appropriate. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Sterrette is not entitled to benefits is correct or incorrect.

First, in *Fox*, the Fourth Circuit clarified the evidentiary requirements needed to support an ALJ's finding at step three of the sequential evaluation. Step three requires the ALJ to determine whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings describe each of the major body system impairments that the Agency "consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a), 416.925(a). In *Fox*, the ALJ's listing analysis stated:

> Although the claimant has 'severe' impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations. (20 CFR, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are equivalent to those of any listed impairment of the Listing of Impairments. In reaching this conclusion, the undersigned has considered, in particular, sections 9.00(B)(5) and 11.14.

2015 WL 9204287 at *4. The Fourth Circuit held that the ALJ's analysis was deficient because it consisted of conclusory statements and did not include "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* (quoting *Radford v. Colvin*, 734 F.3d 288, 291-92 (4th Cir. 2013)). That is, the ALJ did not apply any findings or medical evidence to the identified disability listings and "offered nothing to reveal *why* he was making his decision." *Radford*, 734 F.3d at 295 (emphasis in original). The Fourth Circuit also rejected the notion that

---

[1] My letter also suggested that the ALJ did not provide an adequate application of the special technique for evaluating mental impairments at step three. Although the step three section of the ALJ's opinion contains patently conclusory statements, the ALJ appears to have applied the special technique in the step two section (where it is not required). Despite the unorthodox structuring of the opinion, overall, the application of the special technique is adequate to permit appellate review.

*Carolyn Sterrette v. Commissioner, Social Security Administration*
Civil No. SAG-15-1850
March 11, 2016
Page 3

failure to engage in meaningful analysis at step three could constitute harmless error where the evidence of record otherwise demonstrated that the claimant did not meet a listing. 2015 WL 9204287, at *4. Rather, the *Fox* Court emphasized that it is not this Court's role to "engage[ ] in an analysis that the ALJ should have done in the first instance," or "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* at *4-*5. The Court noted that it could not conduct a meaningful review "when there is nothing on which to base a review." *Id.* at *4.

This case is distinguishable.  Under existing Fourth Circuit law, an ALJ only has to identify a listing and compare the evidence to the listing requirements where there is ample evidence to suggest that the listing is met. *See Huntington v. Apfel,* 101 F. Supp. 2d 384, 390 (D. Md. 2000) (citing *Cook v. Heckler,* 783 F.2d 1168, 1172 (4th Cir. 1986)); *Ketcher v. Apfel,* 68 F. Supp. 2d 629, 645 (D. Md. 1999) (noting that the "duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments"). While *Fox* provided a new standard for the analysis that must be present after a listing has been identified, it did not alter existing law with respect to the criteria for identifying a listing in the first instance. Here, the record does not contain ample evidence to suggest that any listing has been met, particularly as to the two physical impairments found to be severe ("sprains and strains-all types" and "stomach tumors").[2] Therefore, the ALJ's opinion does not contravene *Fox*.

However, the ALJ's evaluation of Ms. Sterrette's intellectual disability warrants remand for further explanation.  The record reflects three sets of IQ tests, administered by three different physicians, Drs. Budney, Anderson, and Ansel, each resulting in IQ scores of 60 or below.  (Tr. 288, 335, 435).  The record also indicates that Ms. Sterrette dropped out of school in the ninth grade, and participated in special education classes during her schooling.  (Tr. 39, 230, 335, 433). Despite the IQ test results and the express diagnoses of intellectual disability, (Tr. 335, 436), the ALJ did not discuss Ms. Sterrette's intellectual disability at step two to analyze whether the disability constitutes a severe impairment.  *See Evans v. Heckler,* 734 F.2d 1012, 1014 (4th Cir. 1984) (providing that an impairment is not severe only if it is "a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work.").  The ALJ also did not address the applicability of Listing 12.05 (for intellectual disability) at step three, but did conduct at least a subpart of that analysis in the RFC assessment at step four.  (Tr. 26).  Ultimately, the ALJ assigned "little weight" to Ms. Sterrette's three IQ tests "as they are not entirely reflective of the claimant's abilities."  *Id.*

To justify that conclusion, the ALJ cited (1) evidence of malingering in the evaluation by Dr. Budney; (2) evidence that a consultative examiner, Dr. Mercado, believed Ms. Sterrette had some ability to read and write and may overplay her allegations of pain; (3) an evaluation by Dr. Honick where he noted that Ms. Sterrette reported inconsistent onset dates and denied any

---

[2] The ALJ did analyze the listing for 12.04 (depression) despite finding no severe mental impairment.  As noted above, the application of the special technique was adequate and does not run afoul of *Fox*.

*Carolyn Sterrette v. Commissioner, Social Security Administration*
Civil No. SAG-15-1850
March 11, 2016
Page 4

history of mental health issues; and (4) Ms. Sterrette's past work in nursing home/elder care, which the ALJ found to constitute semi-skilled work at a SVP 4 level. *Id.* First, the basis for the VE's finding that Ms. Sterrette's past work was done at an SVP 4 level is unclear. Ms. Sterrette was asked few questions at her hearing about her job responsibilities, other than stating that she did not take any vital signs. (Tr. 52). She also testified that she has never worked a full-time job, so it is not clear that the position constituted past relevant work, which must be done at the substantial gainful activity level. (Tr. 39); *see* 20 CFR 416.965(a). Without understanding what Ms. Sterrette's job responsibilities at the nursing home entailed, it is impossible to review whether those responsibilities indicate greater intellectual capacity than demonstrated in the IQ testing.

Further, the ALJ's proffered reasons for questioning the validity of the IQ test results directly undermine only the test administered by Dr. Budney. Drs. Anderson and Ansel both opined that their tests were valid, (Tr. 335, 434-35), and the ALJ provided no specific analysis to support the rejection of those two sets of results. In light of the deficient analysis, and the Fourth Circuit's older, unpublished, but closely analogous opinion in *Boatwright v. Secretary, Dept. of Health and Human Serv's*, 879 F.2d 862, 1989 WL 79720 (4th Cir. July 12, 1989), remand is appropriate to allow the ALJ to evaluate Ms. Sterrette's intellectual disability at all stages of the sequential analysis, including a more complete assessment of her prior employment at the nursing home.

For the reasons set forth herein, Ms. Sterrette's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 15) is DENIED. The ALJ's opinion is REVERSED IN PART as described above, and the case is REMANDED for further proceedings in accordance with sentence four of 42 U.S.C. § 205(g). The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge